UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JAMES FINANCIAL SERVICES, INC.,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>MARK JOSEPH BOUCHER,<br><br>　　　　　　　　　Respondent. | Case No.:  3:22-cv-01658-JAH-BGS<br><br>**ORDER DENYING PETITIONER'S PETITION TO CONFIRM ARBIRATION AWARD; DENYING APPLICATION FOR DEFAULT JUDGMENT AGAINST RESPONDENT**<br>**[Doc. Nos. 1, 19]** |

## INTRODUCTION

Pending before the Court is the Petitioner's Raymond James Financial Services, Inc. ("Petitioner") Petition to Confirm Arbitration Award ("Petition") and Motion for Default Judgment to Confirm Arbitral Award ("Motion").  To date, Respondent Mark Joseph Boucher ("Respondent") has failed to appear or otherwise defend this action.

After a thorough review of the record, and for the reasons set forth below, the Court **DENIES** the Petition and **DENIES** the Motion as moot.

///
///
///
///
///

# BACKGROUND[1]

## I. Initial Contract

On an unknown date, Petitioner alleges it entered into an Independent Branch Owner Agreement ("Agreement") with Respondent. (Doc. No. 1 ¶ 6.) Petitioner alleges the Agreement was "attested to" by Respondent on October 28, 2015. (Doc. No. 1 ¶ 6.)

The Agreement established a relationship between Petitioner as broker and Respondent as financial advisor with rights to operate as an independent contractor under Petitioner's brand. (Doc No. 1-3 Exhibit A.) The Agreement required Respondent to pay for all expenses arising out of the ownership of the branch. (Doc No. 1 ¶ 8.) Respondent incurred $542,444.38 in expenses arising out of or relating to the operation of the Raymond James Financial Services branch. (Doc. No. 1 ¶ 7.) Respondent refused to pay the outstanding balance. (Doc. No. 1 ¶ 9.) The Agreement contained an arbitration clause, which provided that:

> (a) Any controversy, claim or dispute arising out of or relating to this Agreement or its breach is to be settled by arbitration administered by FINRA in accordance with their then current rules. The Branch Owner expressly gives up the right to sue in a court of law or equity, including the right to a trial by jury.
> (b) Any controversy, claim, or dispute related to the Branch Owner's and/or his or her Sub-Associate's affiliation with RJFS including the beginning and termination of such affiliation are required to be arbitrated.
> (c) The parties hereby agree that the statutes of limitation and repose of the laws of the State of Florida, including Florida Statute § 95.011, shall apply to all arbitration proceedings arising out of or relating to this Agreement such that all claims, which would have been barred, waived, limited or restricted by such laws if filed with the judiciary, shall also be forever barred from claims under any applicable arbitration (or mediation) proceedings. Failure to institute an arbitration (or mediation) proceeding within the periods for filing a claim or initiating a suit under such laws shall constitute an absolute bar to the institution of any such arbitration (or mediation) proceedings respecting such controversy or claim, and a waiver thereof.

---

[1] The facts contained herein are from the Petition (Doc. No. 1), and Motion (Doc. No. 19), and are not to be construed as factual findings by this Court.

(Doc. 1-3 Exhibit A at 17-18.)

## II.    Arbitration

Petitioner initiated arbitration on February 25, 2021 (Doc. No. 1-4, Exhibit B at 6), with FINRA Dispute Resolution ("the arbitrator") who arbitrated the dispute under Case No. 21-00527.  (Doc. No. 1 ¶ 9.)  Though Respondent was properly notified of the arbitration proceedings, Respondent failed to respond or otherwise participate in the arbitration process.  (Doc No. 1, Exhibit B, at 7.)  On August 20, 2021, Petitioner requested default proceedings against Respondent, to which no response was filed.  (Doc. No. 1-4 Exhibit B at 7.)

On October 29, 2021, the arbitrator awarded Petitioner $542,444.83 in compensatory damages, 4.25% per annum from March 10, 2020, through and including the date of the issuance of the Award, and $26,661.49 in attorney's fees.  (Doc. No. 1-4 Exhibit B at 7-9.)  No application has been made to the arbitrator for correction of the award.  (Doc. No. 1 ¶ 13.)

## III.    Petition

On October 25, 2022, Petitioner initiated the pending action by filing the Petition. (Doc. No. 1.)  The Petition adequately established jurisdiction.[2]  (Doc. No. 1 ¶ 2-5.)  On January 6, 2023, the petition was personally served on Respondent.  (Doc. No. 5.) Respondent failed to appear or otherwise respond to the petition.  On February 10, 2023, Petitioner requested a clerk's entry of default.  (Doc. No. 6.)

On May 5, 2023, the Clerk of the Court entered default.  (Doc. No. 15.)  On July 11, 2023, the Court ordered Petitioner to show cause why the matter should not be dismissed

---

[2] "[A] district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" when considering whether default judgment is proper. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  A federal court, in determining whether it has jurisdiction to decide an application to confirm, vacate, or modify an arbitral award under the Federal Arbitration Act (FAA), looks only to the application submitted to the court, and does not look through the application to the underlying substantive controversy between the parties.  *Badgerow v. Walters*, 142 S. Ct. 1310, 1314, 212 L. Ed. 2d 355 (2022).

for failure to move for default judgment within thirty days of the entry of default pursuant to Local Rule 55. (Doc. No. 16.) On July 24, 2023, Petitioner filed a motion for default judgment against Respondent and, thereafter, the Court vacated the order to show cause. (Doc. Nos. 19, 21.) On August 16, 2023, Petitioner filed a notice of Respondent's failure to respond to the Motion. (Doc. No. 23.)

Finding the matter suitable for adjudication without oral argument, the Court vacated the hearing on Petitioner's Motion pursuant to Local Rule 7.1.d.1. (Doc. No. 24.)

## DISCUSSION

### I. Petition to Confirm

Petitioner seeks an order confirming the arbitration award pursuant to the Federal Arbitration Act ("FAA"). "Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011). Under the FAA[3], Section 9 of the FAA states an arbitration award shall be confirmed:

> ***if the parties in their agreement have agreed that judgment of the court shall be entered upon award made pursuant to the arbitration***, . . . the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added). Accordingly, to establish a claim to confirm an arbitration award, the agreement must contain language evidencing the parties agreed to judicial enforcement of the arbitration award. *Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 795 (10th Cir. 1991) ("Section 9 requires some manifestation of the

---

[3] The Supreme Court has noted that "[t]he FAA is not the only way into court for parties wanting review of arbitration awards: they may *contemplate* enforcement under state statutory or common law, for example, where judicial review of different scope is arguable." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 590 (2008) (emphasis added); see *Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008) ("Courts must undertake enforcement of arbitration awards 'so long as the parties contemplated judicial enforcement'") (quoting *Hall St. Assocs.*, 552 U.S. at 587 n.6).

agreement to have judgment entered in the contract itself."); *see also U.S. v. Park Place Assocs., Ltd.*, 563 F.3d 907, 931 (9th Cir. 2009) (Reasoning the FAA was enacted to facilitate enforcement of contracts, not impose independent duties and finding "the mere existence of an arbitration award. . . has neither legal significance nor creates any rights in favor of [the plaintiff] absent a contractual provision binding [the defendant] to the arbitration award.").

Here, Petitioner did not address the law requiring an agreement between the parties for judicial enforcement of an arbitration award. Petitioner, in its Memorandum in Support of its Petition, merely asserts that it is undisputable that the Agreement contains a valid, enforceable arbitration agreement and asserts, "[a]s such, the parties agreed to have their underlying dispute arbitrated, and further agreed that any award is final and binding with limited possibilities of reversal or modification." (Doc. 1-2 at 4.)

The Agreement clearly provides that the parties agreed to arbitrate. However, the Agreement contained no language regarding "reversal," or "modification," (Doc. 1-3 Exhibit A) as Petitioner claims, and even if it did, it would be insufficient to show that the parties agreed to judicial enforcement. *See Com. Enterprises v. Liberty Mut. Ins. Co.*, 958 F.2d 376 (9th Cir. 1992) (finding that the use of the word "appealable" in the arbitration agreement was ambiguous and did not provide that the agreement was final, binding, or enforceable); *Varley v. Tarrytown Assocs., Inc.*, 477 F 2d 208, 210 (2d Cir. 1973); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F. 2d 698, 705 (2d Cir. 1985). Additionally, the Agreement contained no language that the arbitration would be "final" or "binding" which would support a finding that the parties agreed to judicial enforcement. *See EXA-USA, Corp. v. Farnese Terra, Inc.*, 2023 WL 2772515, at *3 (N.D. Cal. Mar. 16, 2023); *Braunhagey & Borden LLP v. GMP Haw., Inc.*, 2014 WL 662496, at *3 (N.D. Cal. Feb. 20, 2014). Finally, the Agreement contained no express language that the arbitration award would be enforced by a court of competent jurisdiction. *See VoXcell Cloud LLC v. Decision Scis. Int'l Corp.*, 2022 WL 2277501, at *4 (S.D. Cal. June 22, 2022) (relying on language in an agreement that explicitly provided "any court of competent jurisdiction *may*

*enter judgment*") (emphasis added); *Peter Gellman v. Hunsinger*, 2021 WL 4295289, at *7 (S.D. Cal. Sept. 20, 2021) (same).

This Court finds Petitioner fails to demonstrate the parties agreed to judicial enforcement of the Agreement, and, therefore, the Court cannot confirm the arbitration award. 9 U.S.C. § 9. For this reason, the Petition is DENIED without prejudice. ！

## II.   Motion for Default Judgment

Because the Petition is DENIED, the Motion for Default Judgment is moot.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition to Confirm Arbitration Award is **DENIED without prejudice**;
2. Petitioner's Motion for Default Judgment to Confirm Arbitration Award is **DENIED as moot**.

DATED: October 20, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE