UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JAMES FINANCIAL SERVICES, INC.,<br><br>                                      Petitioner,<br>v.<br>MARK JOSEPH BOUCHER,<br>                                      Respondent. | Case No.:  3:22-cv-01658-JAH-BGS<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 26].** |

## INTRODUCTION

Pending before the Court is the Petitioner's Raymond James Financial Services, Inc. ("Petitioner") Motion to Reconsider the Court's October 20, 2023, Order, or in the alternative, Rule 60 Motion for Relief from Order. ("Mot.", Doc. No. 26). To date, Respondent Mark Joseph Boucher ("Respondent") has failed to appear or otherwise defend this action. After a thorough review of the record and the relevant law, and for the reasons set forth below, the Court DENIES Petitioner's motion for reconsideration.

///

///

# BACKGROUND

The Court previously laid out the facts of this case in its October 20, 2023, Order. (Doc. No. 25 at 2-4). In that Order, the Court denied the Petition to Confirm Arbitration Award ("Petition") and denied Petitioner's Motion for Default Judgement, finding that the contract Petitioner relies upon to confirm the arbitration award was insufficient to show that the parties agreed to judicial enforcement. (Doc. No. 25). In the instant motion, Petitioner provides additional facts and evidence not previously submitted to the Court. (Mot. at 3; Mot., Ex. 1). Specifically, the motion alleges that Petitioner and Respondent entered into an employment agreement in 2000, memorialized by a Uniform Application for Securities Industry Registration or Transfer Form U-4 ("Form U-4"). (*Id.*). The Form U-4 includes an arbitration provision that states in relevant part:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

(Mot., Ex. 1 at 7 ¶ 5[1]). Form U-4 is allegedly signed and dated by both parties. (Mot., Ex.

---

[1] Importantly, this clause differs from the arbitration clause submitted to the Arbitrator provided in the Independent Branch Owner Agreement (the "Agreement"), which states:

> (a) Any controversy, claim or dispute arising out of or relating to this Agreement or its breach is to be settled by arbitration administered by FINRA in accordance with their then current rules. The Branch Owner expressly gives up the right to sue in a court of law or equity, including the right to a trial by jury.
>
> (b) Any controversy, claim, or dispute related to the Branch Owner's and/or his or her Sub-Associate's affiliation with RJFS including the beginning and termination of such affiliation are required to be arbitrated.
>
> (c) The parties hereby agree that the statutes of limitation and repose of the laws of the State of Florida, including Florida Statute § 95.011, shall apply to all arbitration proceedings arising out of or relating to this Agreement such that all claims, which would have been barred, waived, limited or

1 at 4-9). Petitioner alleges that Respondent and Petitioner "agreed to judicial enforcement of any arbitration award between them." (Mot. at 3).

Additionally, Petitioner sets forth a new argument that the Court has authority to confirm the arbitration award because the arbitration clause in the Agreement, as submitted to the Arbitrator, is incorporated by reference and is subject to the Financial Industry Regulatory Authority ("FINRA") arbitration rules. (Mot. at 4). According to Petitioner, FINRA Arbitration Rule 13904(a) states that all FINRA arbitrations are subject to court confirmation. (*Id.*).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a district court may reconsider and amend a previous order. Fed. R. Civ. P. 59(e). The court may, upon motion, relieve a party from final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Indeed, "[a] Rule 59(e) motion may *not* be used to raise arguments or

---

> restricted by such laws if filed with the judiciary, shall also be forever barred from claims under any applicable arbitration (or mediation) proceedings. Failure to institute an arbitration (or mediation) proceeding within the periods for filing a claim or initiating a suit under such laws shall constitute an absolute bar to the institution of any such arbitration (or mediation) proceedings respecting such controversy or claim, and a waiver thereof.

(Doc. No. 1, Ex. A at 17-18).

present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

## DISCUSSION

Petitioner seeks reconsideration of the prior Order on the basis that the Court has subject matter jurisdiction, or alternatively, due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." (Mot. at 5 (citing Fed. R. Civ. P. 60(b)(1), (6))). The Court addresses these arguments in turn.

### A.   Subject Matter Jurisdiction

Petitioner states that the "Court denied the Petition and denied the Motion solely because it did not believe that it has subject matter jurisdiction." (Mot. at 5). However, Petitioner misstates the Court's order. The Court does not take issue with subject matter jurisdiction of this case. (Doc. No. 25 at 3) ("The Petition adequately established jurisdiction.").

### B.   Mistake, Inadvertence, Surprise, or Excusable Neglect Pursuant to Fed. R. Civ. P. 60(b)(1)

The crux of Petitioner's Motion is the newly presented evidence—the Form U-4. Petitioner asks the Court to consider the Form U-4—which was not previously submitted to this Court—due to "an inadvertent mistake of undersigned counsel." (Mot. at 3-5; Mot., Ex. 1). Though Petitioner's motion does not address the significance of the Form U-4, a declaration submitted by Bill Counsman, Division Director with Raymond James, states that Respondent executed the Form U-4, which is countersigned by James Zahradnick on behalf of Petitioner. (Mot., Counsman Decl. ¶¶ 3-4). However, even upon consideration of the Motion, the Declaration of Mr. Counsman, and the Form U-4, Petitioner's arguments are unavailing.

To establish a claim to confirm arbitration, Section 9 of the Federal Arbitration Act ("FAA") states an arbitration award shall be confirmed:

> if the parties in their agreement have agreed that judgment of the court shall be entered upon award made pursuant to the arbitration, . . . the court

must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

When pursuing a motion to confirm an arbitration award, a party is required to provide the underlying arbitration agreement to the Court.  9 U.S.C.A. § 13.  A court then looks to the underlying agreement[2] to determine whether the parties agreed that a "judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C.A. § 9.  An "arbitrator's factual determinations and legal conclusions generally receive deferential review as long as they derive their essence from the [agreement]."  *Sheet Metal Workers Int'l Ass'n, Loc. No. 359, AFL-CIO v. Arizona Mech. & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1988).

Here, Petitioner alleges that the Agreement is the underlying agreement in its Petition to Confirm Arbitration Award provided to this Court.  (Doc. No. 1 ¶¶ 6-11). Further, the Arbitrator's factual determinations and legal conclusions were based on that same Agreement.  (Doc. No. 1, Ex. B) (Arbitrator noting "[t]he cause of action relates to the Independent Branch Owner Agreement between Claimant and Respondent."). According to Petitioner, the Agreement provided in the Petition "was used because it was the agreement that provided evidence that he was contractually obligated to pay the money requested." (Mot. at 3 n.1).  But the Agreement fails to identify Respondent as a participant in the Agreement and does not contain Respondent's signature. (Doc. No. 1, Ex. A).  And, though Petitioner declares under oath that "[Petitioner] and [Respondent] entered into an Independent Branch Owner Agreement (the 'Agreement'), which was attested to by [Respondent] on or about October 28, 2015," (Doc. No. 1 ¶ 6), Petitioner fails to provide

---

[2]   According to the Arbitrator's decision, "Respondent did not file a properly executed Submission Agreement but is required to submit to arbitration pursuant to the Code of Arbitration Procedure ('Code') and is bound by the determination of the Arbitrator on all issues submitted."  (Doc. No. 1, Ex. B at 6-7).

further detail or evidence regarding Respondent's alleged attestation. In fact, Petitioner's explanation convolutes, rather than clarifies the matter. Without additional information and supporting caselaw, the Court is not persuaded that the Agreement Respondent purportedly attested to demonstrates a valid and binding agreement between the parties. Further calling Petitioner's argument into question is the date discrepancy between Respondent's alleged attestation and the Agreement. (*Compare* Doc. No. 1 ¶ 6 (attestation dated October 28, 2015), *with* Doc. No. 1, Ex. A at 1 (Agreement dated January 1, 2016)).

By contrast, the Form U-4 (unlike the Agreement) is not the underlying agreement in the Petition, Motion for Default Judgment, or instant Motion. Importantly, only the Agreement was provided to the Arbitrator, therefore the Arbitrator's award was based *solely* upon his review of the Agreement, not the Form U-4. (Doc. No. 1, Exhibit B; Doc. No. 19; Mot.). In any event, Petitioner fails to explain why the Form U-4 could not have been reasonably raised earlier in the litigation. (Mot. at 5).

Accordingly, the Court finds that the Form U-4 cannot be considered for purposes of the instant Motion or the Petition to Compel the Arbitration Award because the Arbitrator did not base his factual determinations or legal conclusions on the Form U-4. Therefore, Petitioner has not adequately pled the existence of an agreement between the parties to authorize judicial confirmation as detailed herein.

### C.   Any Other Reasons that Justify Relief Pursuant to Fed. R. Civ. P. 60(b)

In a last-ditch effort, Petitioner argues that it "would have to start over" and "incur the costs of a new arbitration action" and a "new federal court action to enforce that new arbitration award" if this Court does not grant relief. (Mot. at 5). Petitioner argues it is therefore in the interest of judicial economy to confirm the arbitration award and reinstate default judgment in Petitioner's favor. (*Id.*).[3] The Court is not persuaded.

---

[3] Petitioner also makes a fundamental fairness argument under Federal Rule of Civil Procedure 60(b)(1) regarding subject matter jurisdiction, which the court dispensed with above. (*Id.*; *see supra* Section A).

Given the lack of supporting caselaw to authorize judicial confirmation of the Arbitrator's award in the first place, Petitioner's judicial economy argument fails. Worse yet, Petitioner's own actions have further hindered this Court's judicial economy. First, Petitioner was granted the arbitration award on October 29, 2021, but chose not to file the Petition to Confirm the Arbitration Award with the Court until October 25, 2022—just four days before the one-year statute of limitations imposed by the FAA. (*See* Doc. No. 1-4, Ex. B at 7-9; 9 U.S.C. § 9). Second, Petitioner failed to serve Respondent with the petition *and* summons within 90 days of the filing of the petition as required by Rule 4(m). (Doc. Nos. 5, 7). Third, Petitioner delayed in litigating this action. (Doc. No. 16). Petitioner has failed to demonstrate why Petitioner should be granted relief under Federal Rule of Civil Procedure 60(b).

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED Petitioner's Motion for Reconsideration is DENIED.

DATED: January 22, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE